UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SANTINO VESPER, | ) | |
| EMILY VESPER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:16-cv-00839-JMS-MJD |
| vs. | ) | |
| | ) | |
| SOM POWER TRUCKING LLC, | ) | |
| PRIME LEASING, LLC, | ) | |
| ABDIRAHMAN MUSSE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On April 15, 2016, Plaintiffs filed a Complaint alleging that this Court could exercise diversity jurisdiction over their action. [Filing No. 1.] Because their Complaint did not properly set forth factual allegations to support each party's citizenship, the Court ordered Plaintiffs to file an Amended Complaint doing so by April 29, 2016. [Filing No. 8.] Specifically, the Court noted that two of the Defendants are unincorporated associations and that the citizenship of an unincorporated association is the citizenship of all limited partners and general partners, traced through however many layers of partners or members there may be. [Filing No. 8 at 1.]

On April 29, 2016, Plaintiffs filed a Response to the Court's Order, stating that although they have diligently investigated the structure of the unincorporated associations, they have been unable to determine the members of these entities. [Filing No. 9 at 2.] Plaintiffs "request the opportunity to submit targeted interrogatories and production requests that are limited to the membership information." [Filing No. 9 at 2.]

The Court's "[s]ubject matter jurisdiction cannot be waived and always comes ahead of the merits." See *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007) (citation

omitted). It is analyzed at the time it is invoked "and not later." *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). The burden of proving the facts supporting federal jurisdiction rests with the proponent of federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir.2006). "Failure to include the necessary allegations in the complaint, even after an opportunity to amend, usually means dismissal." *Denlinger v. Brennan*, 87 F.3d 214, 217 (7th Cir. 1996).

As the party invoking federal jurisdiction, Plaintiffs bear the burden of proving the facts to support it at the time it was invoked. Thus, the Court **DENIES** Plaintiffs' request to conduct discovery regarding the citizenship of the parties. *See Friedman v. State Farm Fire & Cas. Co.*, Cause No. 1:10-cv-996-JMS-TAB, Dkt. 19 (S.D. Ind. 2010). The Court's permission of discovery would imply a finding of jurisdiction, and as noted, the Court is not in a position to conclude it has jurisdiction.

The Court will, however, give Plaintiffs **fourteen days** to file an Amended Complaint sufficiently stating a basis for this Court's jurisdiction. Specifically, Plaintiffs' Amended Complaint must plead the name and citizenship of every member or partner of each of the unincorporated associations, tracing the citizenship through however many layers of partners or members there may be. [*See* Filing No. 8.] If Plaintiffs do not file a sufficient Amended Complaint within fourteen days, their action will be dismissed for lack of jurisdiction.

Date: May 5, 2016

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Electronic Distribution via CM/ECF:**

Jonathon Noyes
WILSON KEHOE & WININGHAM
JNoyes@wkw.com

William E. Winingham
WILSON KEHOE & WININGHAM
winingham@wkw.com